Ronald David LUDWIG, Appellant,

v.

The STATE of Texas, Appellee.

No. 944–90.

Court of Criminal Appeals of Texas,
En Banc.

June 19, 1991.

Steven R. Rosen, Dan B. Gerson, Richard A. Dawson, Houston, for appellant.

Mary Lou Shipley, Dist. Atty. and Laurel D. Arnold, Asst. Dist. Atty., Waxahachie, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

In three separate indictments appellant has been charged with the murder of two individuals, under V.T.C.A. Penal Code, § 19.02(a)(1), and with capital murder for having murdered them both during the same criminal transaction, V.T.C.A. Penal Code, § 19.03(a)(6)(A). Bail was set at $2,000,000.00, an aggregate amount covering all three charged offenses. Appellant brought a habeas corpus action seeking to reduce the bail amount, but the district court denied relief. On appeal, the Waco Court of Appeals held in an unpublished opinion that, considering the guidelines of Article 17.15, V.A.C.C.P., bail was excessive, and ordered it reduced to $1,000,-000.00. *Ludwig v. State*, No. 10–90–118–CR (Tex.App.—Waco, delivered August 23, 1990). In his petition for discretionary review appellant contends that the bail amount is still excessive, and that the court of appeals erred in considering a threat he made against the mother of the murder victims as a circumstance justifying the reduced, but still excessive bail. We granted appellant's petition pursuant to Tex. R.App.Pro., Rule 200(c)(6).

Article 17.15 was amended in 1985 to include a new statutory consideration in setting bail. See Acts 1985, 69th Leg., ch. 588, p. 2219, § 2, eff. Sept. 1, 1985. As amended, that provision reads:

"The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the exercise of this discretion by the Constitution and by the following rules:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense may be considered."

The court of appeals summarized the evidence presented at the habeas hearing as follows:

"Appellant's evidence showed that he is a long-time resident of Texas, the owner of real property in the state, is licensed to practice veterinary medicine in Texas and has such a practice in Katy. Appellant has several close relatives who are also long-time Texas citizens and are willing to sign a bond insuring appellant's appearance at trial. Appellant is involved in a child custody proceeding, in conjunction with his divorce, in Harris County, Texas, which will require his presence in the jurisdiction. Appellant's ability to make bond is limited because his assets, both community and separate, have been frozen by a temporary court order made in the divorce action. Additionally, appellant has no prior criminal record."

On the basis of this evidence the court of appeals concluded that the $2,000,000.00 bail was excessive. Along the way the court of appeals remarked: "The consideration of safety to the victim is just one factor and does not justify the detention of a presumptively innocent defendant by the use of excessive bail."

For all the reasons noted by the court of appeals, we agree that the original bail amount was excessive. For essentially the same reasons we deem a $1,000,000.00 bail excessive as well. Family members testified they were able to scrape together, at

best, $10,000.00 towards securing appellant's release. Appellant's sister testified that the many bond companies she contacted were asking for a ten percent premium, which means that at best appellant could make a bail amount of $100,000.00. The court of appeals set his bail at ten times that amount, far more than he is able to make, and far more than is sufficient to give reasonable assurance he will appear for trial. While it is true that appellant is accused of grave offenses, at least one of which carries the possibility of the death penalty, the circumstances of his crimes were not developed at the habeas hearing. In any event, this Court has yet to condone a bail amount even approaching seven figures, even in a capital case. E.g., *Ex parte Vasquez*, 558 S.W.2d 477 (Tex.Cr.App. 1977); *Ex parte Bufkin*, 553 S.W.2d 116 (Tex.Cr.App.1977).

It appears that both the habeas court and the court of appeals were influenced by testimony that appellant had threatened his victims, a brother-in-law and nephew by marriage, before he allegedly killed them. He had also threatened the life of his mother-in-law, who testified she felt she was a victim of appellant's crimes, and would be endangered if appellant were to be released on bond. Appellant's wife echoed this concern. The State maintains the bail amount in this cause was justified by Article 17.-15(5): "The future safety of a victim of the alleged offense may be considered." We are not inclined to read "victim" in this provision, however, to cover anyone not actually a complainant in the charged offense.

In the same piece of legislation amending Article 17.15 in 1985, the Legislature created Chapter 56 of the Code of Criminal Procedure, entitled "Rights of Crime Victims." Article 56.01(3), V.A.C.C.P., defines "victim" for purposes of "this chapter" to mean "a person who is the victim of sexual assault, kidnapping, or aggravated robbery or who has suffered bodily injury or death as a result of the criminal conduct of another." Article 56.01(1) separately defines "close relative of a deceased victim" to mean "a person who was the spouse of a deceased victim at the time of the victim's

death or who is a parent or adult brother, sister, or child of the deceased victim." See also the amendment to Article 42.12, § 15(f), V.A.C.C.P., now Article 42.18, § 8(f), V.A.C.C.P., allowing a victim, or, if the victim is deceased, a close relative of the deceased victim, to provide a written statement to inform the Board of Pardons and Paroles' decision whether to grant parole. Appellant's mother-in-law plainly meets the definition of "close relative" of a victim, rather than that of a "victim." It is true that, in Article 56.02(a)(2), V.A.C.C.P., "a close relative of a deceased victim is entitled to ... the right to have the magistrate take the safety of the victim *or his family* into consideration as an element in fixing the amount of bail for the accused[.]" (Emphasis supplied.) Yet, in Article 17.15, supra, providing "rules" that "govern" discretion in the setting of bail, it is the future safety of the "victim" alone which may be considered.

We need not resolve this question today, however. For in our view, even assuming appellant's mother-in-law is a "victim" in contemplation of Article 17.05, and taking that circumstance into account, we cannot agree that $1,000,000.00 is a reasonable bail amount. See *Ex parte Ivey*, 594 S.W.2d 98 (Tex.Cr.App.1980) (Bail reduced from $250,000.00 to $50,000.00, even though there was testimony the applicant would pose a danger to a potential witness in his prosecution). Accordingly, the prayer for reduction of the amount of bail is granted, and bail is fixed at $50,000.00.

It is so ordered.

McCORMICK, P.J., and WHITE, J., dissent.

OVERSTREET, J., not participating.

MILLER, Judge, concurring.

The plurality opinion implies there is a conflict between the provisions of Art. 17.-15, V.A.C.C.P., and Art. 56.01, V.A.C.C.P., regarding whose safety the trial judge may consider when setting a bail amount, and that Art. 17.15, which specifically and solely addresses bail setting, must prevail over

Art. 56.01. See at p. 325. I do not necessarily believe that these two statutes cannot be harmonized and both be made effective.

An excellent case can be made that the statutes are *pari materia* and therefore must be construed with reference to each other. See V.T.C.A. Govt.Code § 311.-026(a) (if general provision conflicts with special or local provision, provisions shall be construed to give effect to both if possible). Also see discussion in *Cheney v. State*, 755 S.W.2d 123, 126–27 (Tex.Cr.App. 1988) (well-settled by this Court that where two statutes are found to be *pari materia,* effort is made to harmonize and give effect to both).

However, "[w]e need not resolve this question today," as the plurality notes at p. 325. Thus, with these comments, I concur in the result.

CAMPBELL and BAIRD, JJ., join.