In The

Court of Appeals

For The

First District of Texas 

____________


NO. 01-02-00087-CR

_________________



EX PARTE RAUL ORTIZ, Appellant



 


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 897966



 


O P I N I O N

Appellant, Raul Ortiz, is charged with murder, and his bail was set at $250,000.
He sought bail reduction through a habeas corpus proceeding. Following a hearing,
the trial court refused to lower appellant's bail. He appeals that decision, and we
address whether bail in the amount of $250,000 in this case is excessive. We affirm.

Factual Background

The State introduced evidence at the hearing to show that, on November 3,
2001, appellant and his friends attended a party to which they were not invited. They
became involved in an argument, and the host asked them to leave. They initially
refused, and appellant exhibited a gun, pointing it at two people. Appellant and his
friends later left the party. As they drove away in a car, appellant fired several shots
at the remaining partygoers. One shot hit the complainant in the back, killing him. 
 Houston Police Officer Todd Miller testified he was involved in the murder
investigation. Miller stated that he called appellant on his cell phone, and appellant
lied to him about his identity. Miller later arrested appellant, who provided two
recorded statements. Appellant told Miller the gun in question was at his house. 
When Officer Miller and his partner took appellant to retrieve the gun, appellant
asked them to remove his handcuffs so his little brothers would not see them. The
officers agreed and appellant took them to his backyard. As appellant diverted the
attention of the officers with a pit bulldog, he shoved Miller's partner, hit Miller, and
escaped. As he was escaping, appellant's father attempted to stop him, but appellant
knocked him to the ground. Approximately one hour later, the officers, with the help
of dogs, regained custody of appellant, who had altered his appearance by putting
another shirt over the shirt he was previously wearing.

Maria Ortiz, appellant's sister, testified that appellant lives with his parents and
a younger sister and brother. She stated that appellant is 17-years old, an American
citizen, and has lived in Houston all of his life. She added that appellant is in
eleventh grade at Furr High School, where he has good attendance and is a good
student. (1) She also stated that he has worked at Gulf Coast Toyota, where their father
works. She conceded that appellant spent three days in jail for possession of
marihuana. 

Maria further testified that she and her family members have tried to raise the
funds for the $250,000 bail, but it was impossible. She stated she contacted Santana
Bonding Company and was told $25,000 in cash and $200,000 in collateral was
needed to make the bond. She described her family's assets and financial abilities
and said they could post a bond in the amount of $20,000. She stated her belief that,
if released on bond, appellant could abide by its conditions and would appear in court
when required. She stated that her parents were born in Mexico City and have family
members there, but do not communicate with them. 

A copy of the Harris County District Court Bond Schedule and copies of
newspaper articles reporting bond amounts for other murder cases in Harris County
were admitted into evidence. In denying appellant's request to lower the bail, the trial
court stated that it was concerned about appellant trying to formulate another plan to
escape.


Analysis

Appellant argues the trial court erred in denying him habeas corpus relief
because the $250,000 bail is excessive and violates his right to reasonable bail under
the federal and state constitutions. (2)

There is no precise standard for reviewing bond settings on appeal. Ex parte
Pemberton, 577 S.W.2d 266, 267 (Tex. Crim. App. 1979). A reviewing court is
guided by article 17.15 of the Texas Code of Criminal Procedure. Id. Article 17.15
provides:

 The amount of bail to be required in any case is to be regulated by the court, judge, magistrate or officer taking the bail; they are to be governed in the
 exercise of this discretion by the Constitution and by the following rules:


 (1) The bail shall be sufficiently high to give reasonable
assurance that the undertaking will be complied with.


 (2) The power to require bail is not to be so used as to
make it an instrument of oppression.


 (3) The nature of the offense and the circumstances under
which it was committed are to be considered.


 (4) The ability to make bail is to be regarded, and proof
may be taken upon this point.


 (5) The future safety of a victim of the alleged offense and
the community shall be considered.


Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2002). 

 A defendant has the burden to show that bail is excessive. Ex parte Rubac, 611
S.W.2d 848, 849 (Tex. Crim. App. 1981); Ex parte Willman, 695 S.W.2d 752, 754
(Tex. App.--Houston [1st Dist.] 1985, no pet.). The primary factors to be considered
in determining what constitutes reasonable bail are the punishment that can be
imposed and the nature of the offense. Rubac, 611 S.W.2d at 849; Hughes v. State,
843 S.W.2d 236, 237 (Tex. App.--Houston [14th Dist.] 1992, no pet.). Other
circumstances and factors to be considered in determining the amount of bail include:
family ties, residency, ability to make bond, aggravated factors involved in the
offense, the defendant's work history, prior criminal record, and previous outstanding
bonds. Rubac, 611 S.W.2d at 849; Willman, 695 S.W.2d at 754. The ability to make
bail, alone, does not control the amount of bail. Ex parte Charlesworth, 600 S.W.2d
316, 317 (Tex. Crim. App. 1980). 

 In support of his argument that his bail is excessive, appellant relies on Ludwig
v. State, 812 S.W.2d 323 (Tex. Crim. App. 1991); Ex parte Vasquez, 558 S.W.2d 477
(Tex. Crim. App. 1997); and Nguyen v. State, 881 S.W.2d 141(Tex. App.--Houston
[1st Dist.] 1994, no pet.). All three cases are distinguishable from the instant case. 
In none of those cases did the defendants assault their fathers and police officers in
the process of escaping from custody. Moreover, Ludwig is distinguishable from
appellant's case in that Ludwig was a licensed veterinarian with a practice in the State
of Texas, who also owned real property in Texas. Ludwig, 812 S.W.2d at 324. 

 We now turn to consider the primary factors, pertinent in this case, to
determine whether appellant's bail is excessive.

Nature of the Case

The offense charged is murder, a first degree felony, punishable by
imprisonment for life or for any term of not more than 99 years or less than five years
and a fine not to exceed $10,000. Tex. Pen. Code. Ann. 19.02(b), (c) (Vernon
1994); 12.32(a), (b) (Vernon 1994).

The State introduced evidence to raise a strong inference of appellant's guilt: 
(1) appellant had an argument at a party; (2) as appellant and his friends left the party,
with appellant entering the car on the driver's side, gunfire, directed toward those at
the party, erupted from the driver's side of the car; (2) immediately thereafter, the
complainant was found lying on the ground with a bullet in his back; (3) appellant
lied to Officer Miller about his identity when Miller attempted to talk to him about
the incident; (4) while purportedly leading police to the weapon, appellant escaped;
(5) the gun in question was recovered from appellant's house and determined by a
ballistics expert to be the one that killed the complainant.

The evidence suggests that the nature of the offense is in the heinous nature of
a drive-by shooting by a person who has little regard for human life and who will
unleash lethal force with little provocation. 

Ability to Make Bail

 Appellant presented evidence that an unsuccessful attempt had been made to
post the $250,000 bond and that the largest bond he and his family could post would
be one of $20,000. However, although the ability to make bail is a factor to be
considered, ability alone, even indigence, does not control the amount of bail. In re
Hulin, 31 S.W.3d 754, 760 (Tex. App.--Houston [1st Dist.] 2000, no pet).

Flight-Risk Considerations

 Considerations such as family ties, residency, work history, prior criminal
record, and adherence to bonds are all designed to gauge a defendant's flight-risk
potential. Hulin, 31 S.W.3d at 761. There was testimony that appellant was
previously employed, but no testimony about the length of his employment or what
he did. Although there was evidence that appellant served time in jail for possession
of marihuana, no evidence was presented as to his adherence to prior bonds. 
Appellant is a life-long resident of the community, but his family ties are questionable
as demonstrated by his assault on his father as he escaped from police custody.

 Most importantly, the object of a bail bond is to secure the presence of the
accused at trial. Wright v. State, 976 S.W.2d 815, 821 (Tex. App.--Houston [1st
Dist.] 1998, no pet.). Thus, flight risk considerations have been a major factor in
upholding high bonds in several cases. See id. (court upheld $500,000 bail in
aggravated assault case); Ex parte Brown, 959 S.W.2d 369, 373 (Tex. App.--Fort
Worth, 1998, no pet.) (court upheld $500,000 bail in capital murder case);
Wisenbaker v. State, 782 S.W.2d 534, 536 (Tex. App.--Houston [14th Dist.] 1989,
no pet) (court upheld $200,000 bail for four counts of failure to remit gasoline taxes).

 Here, appellant demonstrated that he is a serious flight risk by actually
escaping from police custody as he was purportedly leading the officers to the murder
weapon. 

Conclusion

 In light of the strong evidence suggesting appellant's commission of the
underlying offense, its heinous and random nature, appellant's actual escape from
police officers, and assault on his father and police officers, we cannot say the court
erred in refusing to lower his bail. 

 We affirm the judgment.


 

 Terry Jennings

 Justice



Panel consists of Justices Mirabal, Hedges, and Jennings.


Do Not Publish. Tex. R. App. P. 74.

1. No one from the school testified to appellant's attendance history or grades.
2. U.S. Const. amend. VIII; Tex. Const. art. I, § 11.