In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00597-CR
____________

EX PARTE RONALD BROWN, Appellant





On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 946670




MEMORANDUM OPINIONThis is an accelerated appeal from the denial of habeas corpus relief. 
Appellant, Ronald Brown, is charged in three trial cause numbers, 769942, 934198,
and 934199, with the felony offense of aggravated assault on a public servant. 
Appellant filed a pretrial application for writ of habeas corpus, asserting that the bail
set at $250,000 per charged offense is excessive. Following an evidentiary hearing,
the trial court denied relief. We affirm.
Background
          On January 16, 1997, appellant, who was seated inside his vehicle, attempted
to sell cocaine to an undercover narcotics officer. After appellant showed the cocaine
to the undercover officer, the raid team moved in to arrest him. Appellant then put
his vehicle in drive and rammed a police car that was blocking his path. Appellant
backed up and rammed the vehicle a second time. Officer Ferrell was in the vehicle
when appellant struck it. As Officer Ferrell was getting out of the car, appellant tried
to run over him. Appellant escaped, but was later arrested and charged with
attempted murder. The attempted murder charge was later dismissed, and appellant
was indicted instead for aggravated assault against a public servant in trial cause
number 769942. Appellant posted bond, but when he failed to appear on his trial
date, this bond was forfeited. 
          On December 20, 2002, Officers Lummas and Newman of the Houston Police
Department attempted to stop appellant, who was driving a Hummer, for a traffic
violation. The officers turned on the emergency lights, but appellant did not stop and
proceeded to enter the Eastex Freeway. He got into the fast lane and then stopped at
the foot of a hill. Because there was no shoulder in this lane, the officers told
appellant to continue driving until the next exit. Appellant got back into the
Hummer, moved it several feet and then stopped again. He got out, jumped over the
concrete median, and ran across the opposing lanes of traffic. Officer Newman
chased him, while Officer Lummas made sure there was no one else in the Hummer. 
In the grassy median on the other side of the highway, Officer Newman and appellant
began fighting. Appellant then ran back across the highway toward the parked
Hummer. Officer Lummas sprayed him with pepper spray and grabbed his shirt. 
Appellant, unaffected by the pepper spray, continued to move toward the Hummer,
dragging Officer Lummas, who was still holding on to his shirt, behind him. Officer
Newman saw appellant get into the driver’s seat, lean toward the passenger side, and
then fire two shots. Officer Newman returned fire as appellant drove off in the
Hummer at a high speed. Officers Lummas and Newman pursued him, but were
unable to catch him. 
          Subsequently, officers found appellant in an apartment complex and tried to
arrest him. Appellant fought with the officers and was eventually overcome. 
Appellant was arrested and fingerprinted. At this point, officers were notified that
there was a warrant for his arrest in Clayton County, Georgia, and for the 1997 
aggravated assault charge. As a result of the December 2002 incident, appellant was
indicted for aggravated assault against a public servant in trial cause numbers 934198
and 934199.
Analysis
          In his sole point of error, appellant argues that the trial court erred in denying
him habeas corpus relief because the bail is excessive. There is no precise standard
for reviewing bond settings on appeal. Ex parte Pemberton, 577 S.W.2d 266, 267
(Tex. Crim. App. 1979); Ex parte Bogia, 56 S.W.3d 835, 837 (Tex. App.—Houston
[1st Dist.] 2001, no pet.). We are guided by article 17.15, which provides:
The amount of bail to be required in any case is to be
regulated by the court, judge, magistrate or officer taking
the bail; they are to be governed in the exercise of this
discretion by the Constitution and by the following rules:
(1) The bail shall be sufficiently high to give reasonable
assurance that the undertaking will be complied with.
(2) The power to require bail is not to be so used as to
make it an instrument of oppression.
(3) The nature of the offense and the circumstances under
which it was committed are to be considered.
(4) The ability to make bail is to be regarded, and proof
may be taken upon this point.
(5) The future safety of a victim of the alleged offense and
the community shall be considered. 
 
Tex. Code Crim. Proc. Ann. Art. 17.15 (Vernon Supp. 2003); Bogia, 56 S.W.3d at
837. 
          A defendant has the burden to show that bail is excessive. Ex parte Rubac, 611
S.W.2d 848, 849 (Tex. Crim. App. 1981); Ex parte Willman, 695 S.W.2d 752, 754
(Tex. App.—Houston [1st Dist.] 1985, no pet.). Other circumstances and factors to
be considered in determining the amount of bail include: family ties, residency,
aggravated factors involved in the offense, the defendant’s work history, prior
criminal record, and previous outstanding bonds. Rubac, 611 S.W.2d at 849. 
          Keeping in mind that it is appellant’s burden to demonstrate that bail is
excessive, we now review the evidence in light of the factors listed in article 17.15
and the Rubac factors.
Sufficient Bail To Assure Appearance But Not Used As An Instrument of
Oppression

          The primary purpose of bail is to secure the presence of the defendant in court
at his trial. Ex parte Rodriguez, 595 S.W.2d 549, 550 (Tex. Crim. App. 1980); Ex
parte Reyes, 4 S.W.3d 353, 354 (Tex. App.—Houston [1st Dist.] 1999, no pet.). 
Appellant argues that a much lower bond or alternative methods of supervision would
ensure his appearance. He also argues that he cannot afford $750,000 in bonds and
that setting bail at that amount is unreasonable and oppressive. Appellant relies on
his affidavit that was filed with his writ of habeas corpus to support these arguments. 
However, he did not introduce this affidavit into evidence; nor did he present any
evidence during the bond reduction hearing that would support these arguments.
          The State produced evidence that appellant is a flight risk. In 1997, in order
to evade arrest, appellant rammed his vehicle into a police car and tried to run over
a police officer. Appellant was then arrested in Georgia and posted bond. This bond
was revoked when he failed to appear for court. In December of 2002, appellant,
after being pulled over by the police, lead the police in a high speed chase and
escaped custody. 
Nature of the Offense
          The primary factors to be considered in determining what constitutes
reasonable bail are the punishment that can be imposed and the nature of the offense. 
Id. Appellant is charged in three cause numbers with the felony offense of aggravated
assault on a public servant. Tex. Pen. Code Ann. § 22.02(a), (b)(2) (Vernon 2003). 
Aggravated assault on a public servant is a felony of the first degree and is punishable
by imprisonment for life or for any term of not more than 99 years or less than five
years and a fine not to exceed $10,000. Tex. Pen. Code Ann. § 12.32(a), (b)
(Vernon 2003).
          The State introduced evidence to raise a strong inference of appellant’s guilt. 
With respect to trial cause number 769942, Officer Brown testified that according to
a 1997 police report, appellant rammed a police car twice and tried to run over a
police officer. Officer Ferrell testified that he was in the police car that appellant
struck, and testified that appellant tried to run over him. With respect to trial cause
numbers 934198 and 934199, Officers Lummas and Newman testified about the
circumstances surrounding the December 2002 aggravated assault on a public servant
charges. Officer Lummas testified that she saw Officer Newman and appellant
fighting. Officer Newman testified that he saw appellant fire two shots at the officers. 
Appellant did not testify during the hearing.
 
Ability to Make Bail
          The ability to make bail, alone, does not control the amount of the bail. Ex
parte Charlesworth, 600 S.W.2d 316, 317 (Tex. Crim. App. 1980). Inability to pay
does not make a bond excessive. Ex parte Welch, 729 S.W.2d 306, 310 (Tex.
App.—Dallas 1987, no pet.).
          In an affidavit filed with his writ for habeas corpus, appellant asserts that the
most he can pay for his bonds is $75,000. However, appellant neither introduced this
affidavit into evidence, nor introduced any other evidence regarding his personal
financial resources at the hearing. There was no testimony regarding whether
appellant has tried or would be able to borrow money to pay for a bond. Without
such evidence, it is impossible to know whether the prospect of the forfeiture of $75,
000 is a large enough disincentive to appellant to assure his appearance at trial. Ex
parte Bogia, 56 S.W.3d 835, 839 (Tex. App.—Houston [1st Dist.] 2001, no pet.).
Future Safety of the Community
          Appellant offered no evidence regarding whether he presents a threat of
violence to his victims and the community. The State offered some evidence that
appellant is a danger to the community. Officer Brown testified that, based on a 1997
police report that indicates that appellant rammed a police car twice and tried to run
over a police officer, and based on the evidence which indicates that appellant tried
to shoot police officers in December of 2002, he believes appellant is a danger to any
police officer who attempts to apprehend him. Officer Ferrell testified that he was in
the police car that appellant struck and was the officer appellant tried to run over
during the 1997 incident. Officer Newman testified that he saw appellant fire two
shots in the directions of the officers during the December 2002 incident.
Rubac Factors
          During the bond reduction hearing, appellant presented no evidence of his
family ties, residency, work history, or compliance with previous bonds. As stated
above, the affidavit he filed with his writ of habeas corpus was not introduced into
evidence. The State presented evidence of appellant’s noncompliance with two
previous bonds and of his prior criminal record. In 1997, appellant was arrested and
charged with aggravated assault against a public servant in trial cause number
769942. Appellant posted bond but, when he failed to appear on his August 1998
trial date, this bond was forfeited. Subsequently, he went to Clayton County,
Georgia, where he was arrested under the name of Brent Eakins for interfering with
a police officer. Appellant posted bond, but it was revoked when he did not appear
for court. In September of 2001, a warrant was issued in Georgia for Brent Eakins
with the alias name of Ronald Brown. Officer Brown testified that he knows that
Brent Eakins and appellant are the same person because their fingerprints match. 
Case Law
          In support of his argument that his bail is excessive, appellant relies on, inter
alia, Ludwig v. State, 812 S.W.2d 323 (Tex. Crim. App. 1991) and Ex parte Bogia,
56 S.W.3d 835 (Tex. App.—Houston [1st Dist.] 2001, no pet.). We address each case
in turn.
          In Ludwig, the Court of Criminal Appeals determined that bail in the amount
of $1,000,000 was excessive and ordered it reduced to $50,000. Ludwig, 812 S.W.2d.
at 325. Ludwig is distinguishable from the instant case in several respects. First,
Ludwig presented evidence that his ability to make bond was limited because his
assets were frozen by a temporary court order. Id. at 324. Family members testified
that they could contribute $10,000, at best, toward his bond. Id. at 324-25. 
Moreover, the record reflected that Ludwig had extensive ties to the community,
owned real property in Texas, was licensed to practice veterinary medicine in Texas,
and had a practice in Katy. Id. at 324. In addition, the circumstances of the crimes
with which Ludwig was charged were not developed at the bond hearing. Id. at 323-26. Furthermore, there was no evidence that Ludwig had a prior criminal record, that
he had failed to comply with the terms of a bond in the past, or that he had ever
attempted to flee police custody. Id.
          In Bogia, this Court determined that bail in the amount of $360,000 was
excessive and ordered it reduced to $10,000. Bogia, 56 S.W.3d at 840. However,
certain key facts distinguish Bogia from the instant case. Bogia had significant ties
to the community, including a 12-year-old child and a 15-year marriage. Id. at 839. 
She presented evidence that her relatives could not make bail. Id. at 837. Bogia
posed no threat to the victim or the community, played a relatively limited role in the
alleged offense, and had no prior convictions or even any prior charges. Id. Unlike
appellant, there was no evidence that Bogia had failed to comply with a previous
bond or had ever tried to evade arrest. Id. These facts favored the possibility that
Bogia would receive a short prison sentence or probation. Id.Conclusion
          It is apparent from the record that the primary concern of the trial court in
setting bail was to assure that appellant would appear in any future court proceedings,
particularly in light of the testimony that appellant did not appear on his trial date on
two prior occasions and evaded arrest on two occasions. Appellant has the burden
to prove that the bail was excessive. Aside from presenting evidence regarding the
nature of the offenses, he did not present any evidence to support his argument. 
Therefore, based on the evidence in the record, we find that appellant has failed to
demonstrate that the pretrial bail fixed by the trial court is excessive.
          Accordingly, we affirm the trial court’s order.
 
                                                                        Adele Hedges
                                                                        Justice
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).