**Ex parte Monty Allen DELK.**

**No. 12–87–00162–CR.**

Court of Appeals of Texas, Tyler.

March 22, 1988.

William M. House, Jr., Palestine, for appellant.

Richard Handorf, Dist. Atty., Palestine, for appellee.

## ON REHEARING

COLLEY, Justice.

On December 29, 1987, we delivered our original opinion in this appeal from the trial court's order denying habeas corpus relief to Delk. Originally, we vacated the trial court's order fixing pretrial bail in this capital murder case at $100,000, and remanded with instruction that the trial court fix pretrial bail in accordance with Tex. Code Crim.Proc.Ann. art. 17.151 (Vernon Supp.1987).[1] Our decision was based on a record that showed the State failed to announce ready for trial within ninety days following Delk's arrest and incarceration, thus triggering the application of article 17.151. We concluded that article 17.151, while part and parcel of S.B. 1043, Acts of the 65th Legislature, was not voided by the Court of Criminal Appeals' decision in *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App. 1987).

The State filed a motion for rehearing to which was attached a certified copy of a "[n]otice that the State is ready for trial" filed in the cause on January 19, 1987.[2] Delk, in response to the State's motion, objected, and correctly so, to any consideration by us of the document attached to the State's motion for rehearing. However, under the broad authority of Tex.R.App.P. 55(c), we ordered the trial clerk to prepare a supplemental transcript, properly certified, including the State's January 19, 1987, announcement of ready. We now have that record before us. Therefore, we grant the motion for rehearing in part, withdraw our former opinion, and substitute therefor the following.

This is an appeal in a pretrial habeas corpus proceeding from an order fixing bail in a capital murder case at $100,000. Delk contends that the amount of bail is excessive. We agree.

It is unnecessary for us to fully discuss the evidence, but suffice it to say, Delk's indigence was established. It was also established that while he did have a wife from whom he was estranged, living in Chicago, Illinois, and that he had attended school in Florida, his mother, a brother, and his maternal grandparents lived in the State of Texas. Delk testified that only with the help of his grandparents could he even make a twenty to twenty-five thousand dollar bail bond. The record is silent as to the circumstances under which the alleged capital murder offense was committed. The State offered no evidence at all in that respect, but did produce Anderson County Sheriff, Gary Thomas, who testified that Delk had made numerous attempts to escape from jail.

In consideration of the entire record, the provisions of Tex.Code Crim.Proc.Ann. art. 17.15 (Vernon Supp.1988), and the applicable case authorities,[3] we are persuaded that Delk carried his burden to establish that the bail bond in the amount of $100,000 is excessive.

The trial court's order fixing bail at $100,000 is reversed, and Delk's preconviction bail is fixed at $35,000, and it is so ORDERED.

---

1. *See Kernahan v. State*, 657 S.W.2d 433, 434 (Tex.Cr.App.1983).

2. A date within ninety days of Delk's arrest.

3. *See Ex parte Vasquez*, 558 S.W.2d 477, 479–480 (Tex.Cr.App.1977); *Ex parte Martinez–Velasco*, 666 S.W.2d 613, 615 (Tex.Cr.App.1984).