Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# OPINION

No. 04-11-00853-CR

**EX PARTE** Rigo **GUERRA**

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 11-09-00042-CRL
Honorable Stella Saxon, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:       Karen Angelini, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  August 29, 2012

AFFIRMED

Appellant Rigo Guerra was charged with three felonies: capital murder, aggravated robbery, and unauthorized use of a vehicle. Bail was originally set at $1,000,000, and Guerra filed an application for writ of habeas corpus seeking a reduction in his bail.[1] After a hearing, the trial court reduced Guerra's bail to $950,000. Guerra appeals, claiming his pretrial bail is excessive. We affirm the trial court's order.

## BACKGROUND

According to Sheriff Victor Villarreal, Guerra had come to his attention several times in the past as a juvenile offender based on a number of school burglaries. Sheriff Villarreal

---

[1] At the hearing there was some confusion over whether and how the bail came to be set at $1,000,000, but those issues have not been presented in this appeal.

testified that more recently, Guerra, Destyn Frederick, and Marcos Serna were arrested for and charged with the capital murder of Mr. Casas. Sheriff Villarreal testified that according to his investigation, the three individuals stole a small four-wheeler from a La Salle County ranch, discharged a weapon at the ranch, and proceeded to the Casas's residence south of Cotulla. The Casases were an elderly couple unrelated to any of the three defendants. When the trio arrived at the Casas's residence, one of them kicked in the door, they entered the home while the Casases slept in their bed, and one of the trio shot Mr. Casas in the face while his wife watched and then shot Mrs. Casas in the arm.[2] The trio left the residence, abandoned the four-wheeler at another residence, and departed in Frederick's vehicle. They proceeded to a gas station. Using the same gun that was used to kill Mr. Casas, Guerra robbed the gas station in front of a busload of people.[3] Frederick and Serna were arrested near the gas station; Guerra was arrested later that morning at his residence. Mrs. Casas moved away from her home and is "very scared" of the defendants and fearful for her life. Sheriff Villarreal testified that Mrs. Casas told her family to burn down the house where the murder occurred because she is never returning to it.

In support of his request for a bail reduction, Guerra called two witnesses to testify—his sister Raevon Guerra and his girlfriend Nancy Suarez. Raevon testified that she and Guerra grew up in Cotulla with their grandmother, and Raevon confirmed that Guerra has no assets and would be unable to make a $1,000,000 bail. She also testified that she believed Guerra would show up for any hearings. Suarez testified she was Guerra's girlfriend and was living with him in Dilley, Texas when he was arrested. He had a construction job prior to the incident. She also confirmed that Guerra has no assets and that if he were released on bail, he would not be a danger to the community. Both women agreed that Guerra had no passport and no relatives in Mexico or any

---

[2] Mr. Casas died on the way to the hospital. Mrs. Casas's arm was severely injured and had to be amputated. Photographs of the injuries were introduced as evidence at the hearing.
[3] According to Sheriff Villarreal, Guerra gave a statement admitting that he committed the robbery.

other foreign country in which he might be able to hide from authorities. At the hearing, Guerra's counsel requested that his bail be reduced to between $15,000 and $50,000.

## STANDARD OF REVIEW

We review a trial court's bail setting for an abuse of discretion. *See Ex parte Rubac*, 611 S.W.2d 848, 850 (Tex. Crim. App. [Panel Op.] 1981). "To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Ex parte Hunt*, 138 S.W.3d 503, 505 (Tex. App.—Fort Worth 2004, pet. ref'd). We will not disturb the trial court's bail determination if it "is within the zone of reasonable disagreement." *Ex parte Jackson*, 257 S.W.3d 520, 521 (Tex. App.—Texarkana 2008, no pet.). It is the appellant's burden to demonstrate the bail set by the trial court is excessive. *Ex parte Rubac*, 611 S.W.2d at 849.

## ANALYSIS

The right to reasonable bail before trial arises from the presumption of innocence and is protected by the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; TEX. CODE CRIM. PROC. ANN. art. 1.07 (West 2005). The primary purpose of pretrial bail is to secure the defendant's appearance at trial. *Ex parte Rodriguez*, 595 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1980). In setting a defendant's bail, a trial court is guided by the following rules and principles enacted by the legislature:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
2. The power to require bail is not to be so used as to make it an instrument of oppression.
3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.
5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005); *Cooley v. State*, 232 S.W.3d 228, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Courts should also consider the defendant's work record, family and community ties, length of residency, prior criminal record, conformity with previous bail conditions, the existence of outstanding bonds, and any aggravating factors involved in the charged offense when determining the amount of the bail. *Ex parte Rubac*, 611 S.W.2d at 849–50. It is the defendant's burden, however, to establish that the bail set is excessive. *Id.* at 849. With these general principles in mind, we now consider whether the trial court abused its discretion in setting Guerra's bail at $950,000.

At the hearing, the trial court recognized the egregious nature of the crime committed against an elderly couple with no connection to the defendants while the couple was home sleeping. Noting that bail should not be used as an instrument of oppression, the court found from the evidence that the nature of the three charges—particularly the capital murder charge—warranted a high bail. On appeal, Guerra focuses on factors two and four—bail should not be an instrument of oppression and Guerra's inability to make a large bail—to argue the trial court abused its discretion. The State counters that under factors one, three, and five—reasonable assurance that Guerra will comply with the undertaking, the heinous nature of the offense, and the future safety of the victim—the trial court did not abuse its discretion.

In making its bail determination, the trial court specifically noted that "my job is to not be oppressive to you two young men. My job is to set a reasonable bail under the circumstances."[4] At the hearing the State recognized that Guerra is indigent and cannot make the bail that has

---

[4] Both Frederick and Guerra sought a bail reduction, and the hearing included both defendants.

been set.[5] A person's inability to make the bail set by the trial court is a factor to be considered, but the inability to make the bail does not render the bail excessive. *Ex parte Vasquez*, 558 S.W.2d 477, 480 (Tex. Crim. App. 1977) (noting indigency is a circumstance to be considered but is not controlling in determining bail); *Ex parte Wood*, 308 S.W.3d 550, 554 (Tex. App.—Beaumont 2010, no pet.). "The nature of the offense or offenses and the circumstances under which it or they were committed are also to be considered." *Ex parte Vance*, 608 S.W.2d 681, 683 (Tex. Crim. App. [Panel Op.] 1980). We turn to the other statutory factors the trial court considered.

Capital murder is a serious offense with the possibility of the death penalty or life in prison. *See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2012). When considering the nature of the offense in setting bail, the punishment may be considered. *Ex parte Vasquez*, 558 S.W.2d at 480. In addition to capital murder, Guerra was charged with two other felonies: aggravated robbery and unauthorized use of a vehicle. Because of the grave nature of possible punishment Guerra faces, the trial court could reasonably have concluded a bail of $950,000 would be necessary to secure Guerra's attendance at trial. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (first factor).

The circumstances surrounding the offenses in this case are egregious. Guerra has apparently admitted to the armed robbery of the gas station, and the investigation is ongoing into the capital murder of Mr. Casas. Guerra and two associates are charged with breaking into a random residence and shooting an elderly man. Mrs. Casas, the remaining victim, whose arm was amputated as a result of being shot, is very scared of the perpetrators. The unprovoked killing of Mr. Casas and injury to Mrs. Casas reflect a callous disregard for human life. *See id.*

---

[5] The State noted at the hearing: "Your Honor, there's been a lot of talk from defense witnesses about what—about the status of the defendants' indigency and whether or not they have any assets. It's clear they don't have assets . . . ."

(third factor).  The trial court could have concluded that Guerra posed a continuing threat to the community.  *See id.* (fifth factor).

Guerra's sister and girlfriend testified that Guerra grew up and lived in the area and had a construction job but offered little testimony about Guerra's ties to the community that would deter him from fleeing.  Guerra's lack of prospects when faced with the penalties associated with the offenses supports the trial court's bail.  Other cases have upheld similar bail amounts in capital murder cases.  *See Ex parte Gonzalez*, No. 04-11-00447-CR, 2012 WL 650396, at *1 (Tex. App.—San Antonio Feb. 29, 2012, pet. ref'd) (upholding a trial court's bail setting in the amount of $1,500,000); *Ex parte Saldana*, Nos. 13-01-360, -361-CR, 2002 WL 91331, at *1 (Tex. App.—Corpus Christi Jan. 24, 2002, no pet.) (not designated for publication) (affirming the trial court's setting of bail at $1,000,000), *disapproved in part on other grounds by Ramos v. State*, 89 S.W.3d 122, 126 n.13 (Tex. App.—Corpus Christi 2002, no pet.); *Ex parte Pulte*, No. 2-03-202-CR, 2003 WL 22674734, at *2 (Tex. App.—Fort Worth 2003, no pet.) (mem. op., not designated for publication) (per curiam) (holding that the trial court's bail setting in the amount of $1,000,000 was not excessive).

We are mindful that even in egregious cases, the bail must not be excessive and it must not be used as an instrument of oppression.  *See* U.S. CONST. amend. VIII (prohibiting excessive bail); TEX. CONST. art. I, § 13 (same).  After reviewing the evidence, the violent and unprovoked nature of the murder, the brazen armed robbery, and the well-being of the community and the victim, we conclude that the trial court did not abuse its discretion in setting bail at $950,000 for a capital murder and two other felonies.

### CONCLUSION

Rigo Guerra's sole point of error on appeal is overruled.  Accordingly, we affirm the trial court's order denying Guerra's application for writ of habeas corpus.


Rebecca Simmons, Justice

PUBLISH