ACCEPTED
14-15-00678-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/19/2015 10:57:58 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00677-CR
No. 14-15-00678-CR

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/19/2015 10:57:58 PM
CHRISTOPHER A. PRINE
Clerk

EX PARTE CHRISTOPHER MICHAEL DUPUY
*Applicant*

---

Expedited Appeal from Cause Numbers 15-CR-1660, 15-CR-1661
From the 405th District Court of Galveston County, Texas

---

BRIEF FOR APPELLANT

---

MARCUS J. FLEMING
Appointed Appellate Counsel
TBN 00784058
9219 Katy Freeway, Suite 220
Houston, Texas 77024
Phone: (713) 224-1970
Fax: (832) 649-3932

**Counsel for Applicant**

ORAL ARGUMENT REQUESTED

## IDENTITY OF INTERESTED PARTIES AND COUNSEL

Pursuant to Tex.R.App.P. 38.1(a), this list of all interested parties is provided so the Court's members can determine if they are disqualified to serve or should recuse themselves from participating in this matter:

COMPLAINANTS:                                   Amy Escobedo
                                                Courtney Nixon


APPLICANT:                                      Christopher Michael Dupuy
                                                Inmate No. 364726
                                                Galveston County Jail
                                                5700 Ave. H.
                                                Galveston, Texas 77551


TRIAL PROSECUTOR AT BOND HEARING:               Adam Poole
                                                Assistant District Attorney
                                                Galveston County, Texas
                                                600 59th Street, Suite 1001
                                                Galveston, Texas 77551


DEFENSE COUNSEL AT BOND HEARING:                Matthew Fox Curl
                                                M. Fox Curl & Assoc. P.C.
                                                1810 Decatur Street
                                                Houston, Texas 77007


COUNSEL ON APPEAL FOR APPLICANT:                Marcus J. Fleming
                                                Fleming Law Firm
                                                9219 Katy Frwy, Suite 220
                                                Houston, Texas 77024

PRESIDING JUDGE:                          Hon. Michelle Slaughter
                                          405th District Court
                                          Galveston County, Texas
                                          600 59th Street,
                                          Galveston, Texas 77551


TRIAL CASE NUMBERS:                       13 CR 1365 (PROBATION CASE)
                                          15 CR 1660
                                          15 CR 1661

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... 2

INDEX OF AUTHORITIES .............................................................................. 4

STATEMENT REGARDING ORAL ARGUMENT ............................................... 9

STATEMENT OF THE CASE ........................................................................... 9

SUMMARY OF THE ARGUMENT ................................................................... 11

APPELLANT'S POINT OF ERROR ................................................................... 12

THE TRIAL COURT ABUSED ITS DISCRETION IN SETTING APPELLANT'S BONDS IN EACH OF HIS TWO PENDING CASES AT $200,000 – THE FUNCTIONAL EQUIVALENT OF HOLDING HIM WITHOUT BOND.

STATEMENT OF FACTS .................................................................................. 12

A. The Bond Writ Hearing ....................................................................... 12

1. The State's Evidence ............................................................................ 12

2. Appellant's Ability to Make Bail ........................................................ 14

3. Hearing Argument and Ruling .............................................................. 15

ARGUMENT AND AUTHORITIES ................................................................... 15

    A. The Standard of Review ................................................................... 15

    B. The Constitutional Right
       to Reasonable Pre-trial Bail .......................................................... 16

    C. The Order Setting $200,000 Bonds in each of Appellant's
       Two Cases Is The Functional Equivalent of Holding Him
       Without Bond, and Constitutes an Abuse of Discretion ................. 18

D. Art. 17.15 Factors Weigh in Appellant's Favor ....................................... 22

E. Additional Bond Conditions ...................................................................... 25

CONCLUSION AND PRAYER ............................................................................... 26

CERTIFICATE OF SERVICE ................................................................................ 27

CERTIFICATE OF COMPLIANCE ...................................................................... 27

## INDEX OF AUTHORITIES

### CASES

*Esquivel v. State*, 922 S.W.2d 601
(Tex.App.- San Antonio 1996, no pet) ..........................................................21

*Ex parte Beard*, 92 S.W.3d 566
(Tex.App.– Austin 2002, pet. ref'd) ................................................ 17, 18, 19

*Ex parte Bell*, 784 S.W.2d 577
(Tex.App.– Houston [1st Dist] 1990, pet. ref'd) ..........................................21

*Ex parte Bogia*, 56 S.W.3d 835
(Tex.App. – Houston [1st Dist.] 2001, no pet.)................... 10, 22, 23, 24

*Ex parte Carson*, 215 S.W.3d 921
(Tex.App. – Texarkana 2007) .................................................................20

*Ex parte Delk*, 750 S.W.2d 816
(Tex.App. – Tyler 1998, no pet.)..............................................................22

*Ex parte Durst*, 148 S.W.3d 496
(Tex.App. – Houston [14th Dist.] 2004, no pet.)............................ 16, 19

*Ex parte Goosby*, 685 S.W.2d 440
(Tex.App. – Houston [1st Dist.] 1985, no pet.)......................................22

*Ex parte Guerra*, 383 S.W.3d 229
(Tex.App.– San Antonio 2012, no pet.) ....................................................16

*Ex parte McDonald*, 852 S.W.2d 730
(Tex.App.– San Antonio 1993, no pet.) ....................................................20

*Ex parte Milburn*, 8 S.W.3d 422
(Tex.App.– Amarillo 1999, no pet.)......................................................... 20

*Ex parte Nimnicht*, 467 S.W.3d 64
  (Tex.App. – San Antonio 2015)................................................................20

*Ex parte Rodriguez*, 595 S.W.2d 549 (Tex.Crim.App. 1980) .....................16

*Ex parte Rubac*, 611 S.W.2d 848  (Tex.Crim.App. 1981) ...........................17

*Ex parte Sabur-Smith*, 73 S.W.3d 436
  (Tex.App. – Houston [1st Dist.] 2002, no pet.)......................................21

*Ex parte Vasquez*, 558 S.W.2d 477
  (Tex.Crim.App. 1977) ...............................................................................20

*Ex parte Wood*, 308 S.W.3d 550
  (Tex.App.– Beaumont 2010, no pet.)………………………………………..16

*Ludwig v. State*, 812 S.W.2d 323  (Tex.Crim.App. 1991) ...........................20

*McGautha v. State,* 402 U.S. 183 (1971) ....................................................16

*Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim.App. 1991) ...................15

*Pharris v. State*, 165 S.W.3d 681 (Tex.Crim.App. 2005) ......................15, 21

*United States v. Walker*, 772 F.2d 1172 (5th  Cir. 1985)............................16

*Walker v. Packer*, 827 S.W.2d 833  (Tex. 1992)..........................................16

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)..........................................16

**PENAL CODE**

§ 33.07 ...............................................................................................9, 12, 24

§ 42.07 ..............................................................................................................24

**CODE OF CRIMINAL PROCEDURE**

Art. 17.09 ................................................................................ 17, 18

Art. 17.15 .................................................................................... 17

**UNITED STATES CONSTITUTION**

AMEND. VIII…………………………………………………………..17

AMEND.  XIV……………………………………………………………...17

**TEXAS CONSTITUTION**

Art. I, Sec. 11…………………………………………………..……17

Art. I, Sec. 11a…………………………………………………………11

Art. I, Sec. 13……………………………………………………...17

**Statement Regarding Oral Argument**

Because this case deals with a defendant's fundamental right to a reasonable bond pending trial in a non-capital setting, oral argument would significantly assist this Court in the decision-making process.

## STATEMENT OF THE CASE

Appellant is currently on deferred adjudication for one misdemeanor (13CR1365, Abuse of Official Capacity), and is charged by indictment with two third-degree felonies of Online Impersonation (Tex.Pen.Code Sec. 33.07)(CR 6). Appellant requests this Court to refer to and encompass both felonies (15CR1660 and 15CR1661) as one matter for purposes of this writ.

Appellant was arrested pursuant to a search/arrest warrant with the two aforementioned felonies on July 2, 2015, and placed into custody on that same date. (CR 12 - 14). Bond was set by the Magistrate in the amount of $300,000 for each case. (CR 14). On that same date, the State filed its motion seeking additional bond conditions, including a "no-contact order" with each of the respective complainants, and requiring Appellant to obtain a GPS monitoring system in order for the Court to monitor his movements, surrender his passport, and be prohibited from possessing any firearm. (CR 16-17). The order was summarily granted for

each case. (CR 16-17).  On July 16, 2015, Appellant filed Pre-trial Applications for Writ of Habeas Corpus Seeking Bail Reduction. (CR 25 - 34).  A hearing was conducted before the court on July 30, 2015. (1 RR at 1), at which time the court lowered each bond to $200,000.[1] (CR 48 – 50).   Additionally, the court included in its order requirements that Appellant appear before the court every other week, maintain a GPS tracking device, remain primarily at his residence, keep a daily journal of his activities and daily excursions, not send text messages to anyone, surrender his passport, installation of an internet website tracking device monitored by the court, surrender his concealed handgun license, possess no knife outside his residence, remain in Galveston and its contiguous counties, and return his access card to the courthouse that was included in his judgeship credentials.[2]  (CR 48-49).

Appellant's notice of appeal was timely filed, (CR 69), and the trial court's Certification of Appeal was also filed. (CR 85).   Contemporaneously to this

---

[1] The Galveston County District Courts do not publish a bail schedule for the public, however the Harris County District Court Bail Schedule mandates that the standard bond for third degree felonies is $10,000 and $5,000.  **See  http://www.justex.net/JustexDocuments/0/District%20Court%20Bail%20Schedule_2014.pdf** , (last visited October 28, 2015). This Court's sister court has relied on the Harris County Bail Schedule in determining the issue of reasonable bail in concluding that bail was excessive in a felony theft case.  **Ex parte Bogia**, 56 S.W.3d 835, 838 (Tex.App. – Houston [1st Dist.] 2001, no pet.).  Appellant respectfully requests this same bond schedule be consulted as an instructive guide in this matter before the Court.

[2] Appellant was the presiding judge of Galveston County Court No. 3 from 2010 until resigned Sept. 20, 2013, as required as part of his bargain of guilty to the charge of Abuse of Official Capacity in Cause no. 13CR1365, in which he was granted a two year deferred adjudication probation.

matter, Appellant filed a *pro se* Writ of Habeas Corpus attacking the constitutionality of the statute under which he is charged. (CR 102-104). [3]

## SUMMARY OF THE ARGUMENT

The trial court clearly abused its discretion in setting Appellant's bonds at $200,000 – the functional equivalent of denying him bond – in each of his pending felonies. Because the State failed to shoulder its burden of showing Appellant's likelihood of being a danger to the community, Appellant could not be denied a reasonable bond, pursuant to Article I, § 11a of the Texas Constitution, based solely on the fact that Appellant lawfully possessed a firearm in his own residence. The nature of the non-violent charges against him do not warrant such an excessive amount of bail. The trial judge improperly used the amount of bail as an instrument of oppression, and clearly abused its discretion by essentially ordering Appellant to he held without bail. There was no evidence presented during the bond reduction hearing that Appellant, while on probation in the same court for a non-violent misdemeanor offense, failed to show for any probation visits, committed any violent crimes or acts, or violated any

___

[3] Appellant's counsel recently filed a Pretrial Writ of Habeas Corpus challenging the constitutionality of Sec. 33.07 on October 22, 2015, after the clerk's record was filed. Sec. 33.07 has recently been ruled to be unconstitutional by at least one district court in Texas. *See:* Cause No. 1425867, *State of Texas vs. Abigail Marie Stubbs,* in the 209th District Court of Harris County, Texas (on appeal in Cause No. 14-15-0015-CR).

11

terms or conditions of probation – save and except for the current charges against him, for which he is challenging the statute's constitutionality under Federal and Texas law.

**APPELLANT'S POINT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN SETTING APPELLANT'S BONDS IN EACH CASE AT $200,000 – THE FUNCTIONAL EQUIVILANT OF HOLDING HIM WITHOUT BOND.

**STATEMENT OF FACTS**

**A. THE BOND WRIT HEARING**

### 1. The State's evidence:

At the bond reduction writ hearing before the trial court, the State offered into evidence State's Exhibits 1, the complaint charging Appellant with the offense of Online Impersonation pursuant to Sec. 33.07 of the Texas Penal Code. (RR 14-15). The State then questioned Scott Hardcastle, the deputy who executed a search warrant for Appellant's residence. (RR 13-23). Hardcastle testified that when he entered the residence, Appellant had a bullet in his hand that he dropped onto a counter-top. (RR 17). Hardcastle stated that within Appellant's reach was a handgun. (RR 17). While Hardcastle did testify that Appellant was initially uncooperative (Hardcastle had to kick the door in), Appellant became hesitant yet cooperative once law enforcement was inside the residence. (RR 17).

12

The State then introduced Exhibits 2-9, and 12.[4] Hardcastle testified that the items contained in the photograph exhibits were retrieved from Appellant's residence during the search. (RR 13-23).

On cross examination, Deputy Hardcastle agreed with Appellant's counsel that none of the items found in the residence were illegal for Appellant to possess. (RR 25).

Joe Haralson, a Texas Ranger, testified for the State that a GPS tracker was found on a James Hernandez's automobile without his permission. (RR 25-26). Haralson also testified that harassing phone messages found on one of the phones found in the residence (State's Exhibit 10) were texted to individuals involved with Appellant's divorce from his ex-wife. (RR 27-30).

Haralson testified that a tracking device depicted in State's Exhibit 13 and found in Appellant's residence the day of his arrest had the same IME number as the tracking device discovered on Hernandez's vehicle. (RR 31 – 32). Haralson then agreed with Appellant's counsel that the actual person or persons who sent the text messages contained in State's Exhibit 10 were unknown. (RR 32).

The State then called Garrett Groce, a detective with the Galveston Police Department to testify as to the computer search data he retrieved off of a laptop

---

[4] Exhibits 2-9 and 12 consisted of photographs of the following: 2) front door; 3) handgun; 4) toilet location where a laptop bag was found; 5) a photograph of items contained in the laptop bag - including various phones, gloves, cap, another handgun with silencer and ammunition, a stun gun, and plastic zip ties; 6) a knife; 7) handgun with silencer and ammunition (also shown in 5); 8) backs of phones (also included in 5); 9) Appellant's passport; 12) GPS tracking device.

computer and text messages from the LG phone found in the residence. (RR 33 – 38).

Again, on cross-examination, Groce agreed that none of the computer searches and text messages were illegal. (RR 38-39).

### 2. *Appellant's ability to make bail:*

Appellant's mother, Janice Dupuy, an independent real estate broker, testified that Appellant grew up in the Houston area, and lived in Galveston County. (RR 5 – 6). Ms. Dupuy stated Appellant is the father of two young children, has an engineering degree from SMU, and a law degree from the University of Houston. (RR 6). According to Ms. Dupuy, Appellant had never been charged or convicted of a felony, nor any violent crime. (RR 6 – 7). Dupuy further testified she could not afford to make the total of $600,000 in bonds, and that Appellant did not own a home, and was still making payments on his car, and did he have any gold or jewelry to sell. (RR 7 – 8). Dupuy testified that the two bondsmen she had consulted required between 5% to 10% as cost for securing bail, and that she could afford to make bonds of $20,000 per case, for a total of $40,000. (RR 9). Finally, Dupuy testified that during the pendency of a misdemeanor charge in 2013, Appellant never tried to flee the jurisdiction. (RR 10).

### 3. *Hearing Argument and Ruling:*

Appellant's counsel argued that the court should follow the county's bond schedule, citing cases where defendants charged with violent and more serious crimes had lower bonds set for their cases. (RR 40 – 42). The State then argued that the court should take into account the totality of the circumstances and all of the evidence presented; that the Appellant posed a significant threat to the victims and community. (RR 42 – 43). The court then opined that based on the evidence presented, there was a concern regarding safety to the community. (RR 43). The court, after consideration, then set bonds in the amount of $200,000 in each case, adding numerous conditions of bond. (CR 48-50).

#### ARGUMENT AND AUTHORITIES

#### A. The Standard of Review

Appellate review of the trial court's setting of bond informed by whether it has abused its "exercise of a conscientious discretion." Pharris v. State, 165 S.W.3d 681, 691 (Tex. Crim. App 2005). This standard is not without limits and does not insulate trial court rulings from reversal. See Montgomery v. State, 810 S.W. 2d 372, 392 (Tex. Crim. App. 1991) op. on reh'g). "But discretion, to be worthy of the name, is not unchanneled judgment; it is judgment guided by reason and kept within bounds. Otherwise, … it is 'the law of tyrants: it is always

unknown." McGautha v. California, 402 U.S. 183, 285, 971)(Brennan, J., *dissenting*); see also Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995) (review for abuse of discretion is not tantamount to no review at all"). A trial court lacks the discretion to determine what the law is, or in applying the law to the facts, and has no discretion to misinterpret the law. Walker V. Packer, 827 S.W.2d 833, 840 (Tex 1992). "'Abuse of discretion' is a phrase which sounds worse than it is. The term does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge." United States v. Walker, 772 F.2d 1172, 1176 n. 9 (5th Cir. 1985).

## B. The Constitutional Right to Reasonable Pre-Trial Bail

The right to reasonable bail pending trial is protected by the United States and Texas Constitutions. Ex parte Wood, 308 S.W.3d 550, 552 (Tex. App.-Beaumont 2010, no pet.). An appearance bond secures the presence of a defendant in court or trial. Ex parte Rodriguez, 595 S.W. 2d549, 550 (Tex. Crim. App. 1980). The trial court should set bail sufficient to provide reasonable assurance the defendant will appear at trial, but not so high as to be oppressive. Ex parte Guerra, 383 S.W.3d 229, 233-234 (Tex. App. San Antonio 2012, no pet.) ("We are mindful that even in egregious cases, the bail must not be excessive and it must not be used as an instrument of oppression."); see also Ex parte Durst, 148 S.W.3d 496, 498 (Tex.App. Houston [14th Dist.] 2004, no pet.) ("Bail set at an amount higher than

reasonably calculated to fulfill this purpose is excessive under the Eighth Amendment."); Ex parte Beard, 92 S.W.3d 566, 573 (Tex. App. Austin 2002, pet. ref'd) ("[W]hen bail is available, it is excessive if set in an amount greater than is reasonably necessary to satisfy the government's legitimate interests.").

Both the United States and Texas Constitution prohibit excessive bail. U.S. CONST. amends VIII, XIV, TEX. CONST. I, § 11, 13. Article 17.15 of the Code of Criminal Procedure sets out the framework for the trial court's consideration in setting bail:

-The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

-The power to require bail is not to be used as to make it an instrument of oppression.

-The nature of the offense and the circumstances under which it was committed are to be considered.

-The ability to make bail is to be regarded, and proof may be taken upon this point.

-The future safety of a victim of the alleged offense and the community shall be considered.

Other factors and circumstances that may be considered in determining the amount of bail include family and community ties, length of residency, aggravating factors involved in the offense, the defendant's work history, prior criminal record, and previous and outstanding bail. Ex parte Rubac, 611 S.W.2d 848, 849 (Tex. Crim. App. 19981). Article 17.09 of the Code of Criminal

17

Procedure provides that a bond is valid and binding upon the defendant and any sureties for the defendant's personal appearance before the court and "for any and all subsequent proceedings had relative to the charge [.]." Subject to certain exceptions, pursuant to Article 17.09, § 2 of the Code of Criminal Procedure, when a defendant has once given bail on a criminal charge, he shall not be required to give another bond in the course of the same criminal action.

C.      **The Order Setting $200,000 Bonds in Each of Appellant's Two Cases Is The Functional Equivalent of Holding Him Without Bond, And Was An Abuse of Discretion**

In Ex parte Beard, 92 S.W.3d at 567, the defendant, charged with capital murder, and injury to an elderly person, had her bail set at $8,000,000. Ordering the defendant's bond to be reduced to $500,000, the Austin Court of Appeals noted:

> *In deciding whether the district court's order in this cause is within the zone of reasonable disagreement, we cannot disregard the extraordinary amount of bail ordered.* At oral argument, Beard's counsel suggested without contradiction that $8,000,000 is the largest bail ever set in a reported Texas case. This amount is more than eight times higher than the highest bail previously determined to be reasonable in a reported Texas capital murder case. *Such a dramatic departure from prior practice is at least suggestive of an abuse of discretion.*

Id. At 573 (emphasis added).

18

While the bond in <u>Beard</u> was outrageously high, this District Court's order setting bond at a total of $400,000 for non-violent, virtual-based, third-degree felonies is clearly far and away higher than the norm. At 4,000% higher than the Harris County Bail Schedule, it supports the conclusion that the trial court's "dramatic departure from prior practice" is an abuse of discretion. Given that Beard was not only facing a capital murder charge that carried the death penalty, but two other first-degree felonies, it blinks reality to suggest that Appellant, charged with highly suspect third-degree felonies, (both of which are being challenged by Appellant as being unconstitutional on their face), is not entitled to even greater reduction in bond than the defendant in <u>Beard</u>.

Closer to home, in <u>Ex parte Durst</u>, 148 S.W.3d at 500, a nationally-renown case, involved a defendant with no ties to the community and a victim that was beheaded. The defendant was also charged with felony bail jumping in that murder case. The trial court set bond in each case at $1,000,000. This Court concluded that setting bail in these amounts was an abuse of discretion, and ordered bail reduced to $150,000 in each case. <u>Id</u>. At 325. The resulting amount of bail in Durst's cases which involved the violent offense of murder and the flight offense of bail jumping was less than Appellant's current bail for non-violent offenses with arguably amount to nothing more than libelous offenses.

That the trial court's bail order was outside the zone of reasonable disagreement is also fortified by the Court of Criminal Appeal's decision in Ludwig v. State, 812 S.W.2d 323, 324 (Tex. Crim. App. 1991), Where the defendant was charged with two counts of capital murder and was facing the death penalty. The trial court set bond in each case at $1,000,000. The court concluded that bail in this amount was excessive and ordered it reduced to $50,000 in both cases. Id. at 325. This amount for bail on a murder charge is four times lower than Appellant's current bond. Once again, if a defendant facing the death penalty in multiple cases is entitled to $50,000 bail, then the bail set in Appellant's third-degree felonies is clearly excessive, and he is entitled to no less relief. See also Ex parte Milburn, 8 S.W.3d 422, 427 (Tex. App.-Amarillo 1999, no pet.) ($2,000,000 bail in capital murder of a child reduced to $100,000); Ex parte McDonald, 852 S.W.2d 730, 734-35 (Tex.App.- San Antonio 1993, no pet.) ($1,000,000 bail reduced to $75,000 where defendant was charged with kidnapping and stabbing former spouse to death and where defendant's son testified he felt threatened if defendant released on bond); Ex parte Nimnicht, 467 S.W.3d 64 (Tex.App.- San Antonio 2015) (bail reduced to $7,500 for assault causing bodily injury); Ex parte Vasquez, 558 S.W.2d 477, 480 (Tex.Crim.App. 1977) (bail reduced for indigent citizen accused of capital murder to $20,000); Ex parte Carson, 215 S.W.3d 921, 924 (Tex.App. – Texarkana 2007) (bail reduced to $1,000 in first degree felony

20

charge); Ex parte Sabur-Smith, 73 S.W.3d 436, 437 (Tex.App.- Houston [1st Dist.] 2002, no pet.) (bail reduced to $30,000 for sexual assault); Ex parte Bell, 784 S.W. 2d 577, 579 (Tex.App. - Houston [1st Dist] 1990, pet. ref'd) (bail reduced to $10,000 for burglary of a habitation with intent to commit sexual assault); Esquivel v. State, 922 S.W.2d 601, 602 (Tex.App. - San Antonio 1996, no pet) (reducing bail to $10,000 per charge for sexual assault, and indecency with a child).

These cases stand for the proposition that setting individual bonds coming within a coat of paint of a half-million dollars is the functional equivalent of holding Appellant, a former Galveston County Court judge with no felony history, without bond.

The two third-degree accusations are non-violent in nature, unlike in the aforementioned above cases. The statute in question is constitutionally suspect and is currently under attack in Cause Number 14-15-00510-CR in this Court. In that case the trial court (209th District Court, Harris County, Texas, Hon. Mike McSpadden) granted the appellee's application for writ of habeas corpus and dismissed the case. The State is currently appealing.

The current bond order in this matter is approximately 4,000% higher than the schedule used in neighboring Harris County.

It is unmistakable that the trial court's order setting bail at $400,000 is a stark, flagrant abuse of the "exercise of a conscientious discretion." Pharris v.

21

<u>State</u>, 165 S.W.3d at 681 (Tex.Crim.App. 2005).  See also, <u>Ex parte Delk</u>, 750 S.W.2d 816 (Tex.App. - Tyler 1988, no pet.) (capital murder bail reduced to $35,000); <u>Ex parte Goosby</u>, 685 S.W. 2d 440 (Tex.App. - Houston [1st Dist.] 1985, no pet.) (reducing bail to $25,000 for attempted capital murder).  Again, Appellant's non-violent, lesser-degree accusations certainly deserve far less bail to insure Appellant's presence in court.

## D. Article 17.15 Factors Weigh in Appellant's Favor

First, the State did not, because it could not, credibly contend that Appellant posed any threat to either of the complainants—persons the Appellant has had no contact with since November 2014 and August 2014, respectively.  Moreover, the State obtained a no-contact order as a bond condition and there is not a shred of evidence to suggest Appellant would violate such order.  This factor accordingly falls on Appellant's side of the ledger. See <u>Ex parte Bogia</u>, 56 S.W.3d at 839.

Second, the nature of the offenses and circumstances of the accusations reveal that Appellant is charged with two third-degree felony offenses, and is on probation for one essentially "time-served" misdemeanor.  The felony accusations relate to freedom of speech, but are the functional equivalent of electronically posting "for a good time call (*insert name*)."  They are non-violent in nature, and are, as previously stated and ruled upon in the 209th District Court of Harris County, presumed to be "invalid" and "unconstitutional" restraints upon protected

speech.  Appellant is also entitled to the presumption of innocence, regardless of the number of felony charges he faces.  And, unlike the defendants in many of the above cited cases, Appellant is also probation eligible.

Third, this Court must consider whether the trial court's order has used bail as an instrument of oppression.  As the First Court of Appeals, speaking through distinguished former Justice Murry Cohen, remarked in an even-less egregious context, holding that $360,000 bail is oppressive:

> We doubt that one person in a hundred could make it alone, without the aid of a spouse or others.  When bail reaches $360,000, many bondsman cannot make it, much less defendants… …At the $360,000 level, bail is oppressive unless justified by unusual circumstances.  Such an amount totally displaces the presumption of innocence and replaces it with a guaranteed appearance assured by incarceration without trial.

Ex parte Bogia, 56 S.W.3d at 839-840.  As in Bogia, where the court held that "[t]he oppressive nature of a $360,000 bond favors granting relief," this factor falls on Appellant's side of the ledger.

Fourth, this Court must consider what amount of bail is necessary to give reasonable assurance Appellant will appear.  Once again, Justice Cohen's reasoning and analysis is Bogia is constructive:

> Our state and federal constitutions guarantee "reasonable" bail  even though that means the defendant might not appear for trial.  "Reasonable bail" is reasonable because it creates and limits the risks of both sides.  Any grant of bail limits that risk by reducing the

> money available to fund the flight, while simultaneously creating a fund to finance an effort to re-arrest the defendant. $360,000 vastly exceeds those justifications. Therefore, this factor does not justify this bail.

Id. at 840. The trial court has previously found Appellant to be indigent (CR 12 - 13). The trial court magistrate ordered that Appellant surrender his passport and his firearm. (CR 16 - 17). Appellant has never missed a court setting with any criminal case for which he was charged. Accordingly, this factor also weighs in Appellant's favor.

A Fifth and final factor that falls on Appellant's side of the ledger is that he has been jailed without trial for over four months from the date of his arrest as this is written. Even though expedited, more time will be will elapse before this appeal is decided. This weighs heavily on Appellant's favor. See Id. ("Lengthy pretrial detention should not be a substitute for a trial, and the purpose of our constitutional and statutory law on bail is to guarantee that it is not.")

Appellant has already served more that the maximum penalty if he had been found guilty of actual harassment under Section 42.07 of the Texas Penal Code, verses "Online" harassment under Section 33.07. Having accrued so much time in custody, Appellant cannot credibly be determined to be a flight risk.

It is simply contradictory under our presumption of innocence to continue to detain Appellant on highly dubious accusations of virtual harassment. Bail reduction, indeed a personal bond, is mandated. Lastly, the underlying statutes

unviability must be taken into account, and weighs in favor of dramatic bond reduction.

## E. Additional Bond Conditions

Without notice or a hearing, the trial court judge entered numerous pages of bond conditions. (CR 48 - 49). These conditions defy the presumption of innocence, and many are just plain arbitrary and capricious and constitute an abuse of discretion.

Many of the conditions lack any legal, constitutional, or factual support. In essence, as a whole, they are simply tyrannical in nature.

Appellant does not oppose that only attorneys and investigators, and subpoenas, reach the Complainants. Appellant also does not oppose informing the court of any out-of-state travel or extended in-state travel locations. Appellant is also not contesting, while this case is pending, to forego possession of firearms. These are reasonable bond conditions. They are normal and routine. They can be agreed to.

But, the trial judge has gone much farther than even George Orwell could have envisioned. In violation of the First Amendment the court has practically banned all speech and communication, (CR 48 - 49); has dictated which utensils are acceptable for meals, (CR 49); demands home confinement, a GPS diary, and weekly check-ins with her court, (CR 48-49). These odd, unprecedented, paternal

conditions are not supported legally or factually. They are a gross abuse of discretion entered by the trial judge. Many of these conditions lack any rational relationship to the constitutionally invalid statute which Appellant is charged with violating.

The trial court's judgment must be reversed and the cause remanded with instructions to set bonds in a reasonable amount, not to exceed the $20,000 per case Appellant's mother testified she could afford.

## Conclusion and Prayer

Appellant prays that this Honorable Court reverse the trial court's order setting bond at $200,000 in each case, and remand this cause with instructions to set bond at no more than $20,000 in each case.

Respectfully submitted,

*/s/ Marcus J. Fleming*
MARCUS J. FLEMING

FLEMING LAW FIRM
9219 Katy Freeway, Suite 220
Houston Texas 77024
(713) 224-1970 Office
(832) 649-3932 Fax
TBA No. 00784058

COUNSEL FOR APPELLANT
CHRISTOPHER MICHAEL DUPUY

## CERTIFICATE OF SERVICE

Pursuant to TEX.R.APP.P. 9.5(d), this brief was served upon opposing counsel, the Galveston County District Attorney's Office, 600 59th Street, Galveston, Texas, 77551, by e-filing on November 19, 2015.

*/s/ Marcus J. Fleming*
Marcus J. Fleming

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX.R.APP.P. 9.4(1)(i)(1), I certify that this document complies with the type-volume limitations of TEX.R.APP.P. 9.4(i)(2)(D):

1.  Exclusive of the exempted portions set out in TEX.R.APP.P. 9.4(i)(1), this document contains 4,750 words.

2. This document was prepared in proportionally spaced typeface using Word Perfect 97-2004 in Times New Roman 14 for text and Garamound 10 for footnotes.

*/s/ Marcus J. Fleming*
MARCUS J. FLEMING
Attorney for Applicant